02-10-446-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00446-CR

 

 


 
 
 Lynn Atmer Simmons a/k/a Lynn A. Simmons
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Lynn Atmer Simmons a/k/a Lynn A. Simmons appeals his conviction for felony
driving while intoxicated.  In a single point, he contends that the trial court
erred by admitting opinion testimony from a police officer who testified that
Appellant’s version of how his car collided with another’s made no sense.  We
affirm.

          The
evidence showed that Appellant was intoxicated in his pickup truck when it
collided with a four-door Kia driven by an off-duty police officer.  When Fort
Worth Police Officer Corey Swanson arrived on the scene, the Kia was disabled
in the roadway, facing westbound.  It had sustained damage to its left front
corner.  Appellant’s pickup had been pulled off the roadway.  It had front end
damage.  Appellant told Officer Swanson that his truck was over the double
yellow line turning left when the Kia struck him at high speed.  Officer Swanson
testified that Appellant’s story made no sense to him.[2] 
Citing rule of evidence 701, the trial court overruled Appellant’s objection
and allowed the officer’s testimony.

          Appellant
argues that the trial court abused its discretion by admitting the officer’s
testimony under rule of evidence 701, which allows for a lay witness to testify
in the form of an opinion.[3]

          The
State responds that Appellant failed to preserve his claim based on rule 701 because
he based his trial objection on rule 702.  Rule 702 governs the admissibility
of expert opinion testimony.  It provides:

If scientific,
technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education may testify
thereto in the form of an opinion or otherwise.

 

Tex. R. Evid. 702.

 

          At
trial, Appellant established outside the jury’s presence that Officer Swanson
was not an expert in accident reconstruction and then objected that the officer
should not be allowed to give his opinion because he was not qualified as an
expert.  The trial court overruled Appellant’s objection, specifically citing
rule 701.  Appellant did not argue to the trial court that the officer’s
testimony also violated rule 701.  He does, however, so argue in his brief:

The trial court was
incorrect in believing that the testimony was admissible under [r]ule 701
because:  (1) [t]he jury could have perceived his testimony as being that of an
expert, and (2) [i]t was not helpful to the jurors’ understanding of the
witness’ testimony and the jurors’ determination of a fact in issue, because
they could have misconstrued his role as a police officer . . . .

 

          A
complaint made on appeal must comport with the complaint made in the trial
court or it is forfeited.  Pena v. State, 285 S.W.3d 459, 464 (Tex.
Crim. App. 2009) (“Whether a party’s particular complaint is preserved depends
on whether the complaint on appeal comports with the complaint made at trial.”). 
To the extent that Appellant’s point on appeal contests admissibility based on
rule 701, because his trial objection was based on rule 702, his complaint is
not preserved for our review.  See id.

          But
Appellant did preserve a complaint based on rule 702.  So to the extent that he
also contends in his brief that the trial court abused its discretion by overruling
Appellant’s objection based on rule 702, that particular complaint should be
addressed.  It is, however, without merit because it is clear from the record
that the officer’s opinion was not offered as that of an expert.  The State’s
attorney plainly stated that Officer Swanson was not offered as an expert
witness.  Appellant established outside the jury’s presence that Officer
Swanson was not an expert.  The trial court specifically admitted the officer’s
opinion as that of a lay witness permitted by rule 701.  Moreover, the officer
need not have been an expert to form the opinion based on seeing the cars after
the wreck that Appellant’s version of how his truck collided with the other car
did not make sense to him.  See James v. State, 335 S.W.3d 719, 726
(Tex. App.—Fort Worth 2011, no pet.) (holding that officer’s opinion that defendant’s
self defense claim made no sense was properly admitted under rule 701).  Appellant
told the officer that the Kia was approaching at high speed from the opposite direction
and that it hit him while he proceeded to turn left.  But the photo of Appellant’s
truck admitted as State’s Exhibit 2 shows some denting in the middle of the
truck’s front bumper and the photo of the Kia admitted as State’s Exhibit 4
shows the Kia’s front left corner torn off.  A reasonable person could conclude
that Appellant’s version does not make sense because the damage is in the wrong
places.

          Finally,
even if the trial court erred in admitting the officer’s opinion that
Appellant’s version made no sense to him, given the evidence in the record that
Appellant was driving while intoxicated and the fact that the officer’s opinion
was not mentioned during closing argument, we conclude that the officer’s
opinion testimony had no effect on Appellant’s substantial rights and should be
disregarded.  See Tex. R. App. P. 44.2(b).  For these reasons we
overrule Appellant’s sole point and affirm the trial court’s judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
McCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011








 









[1]See Tex. R. App. P. 47.4.





[2]Just before Officer
Swanson so testified, Appellant had established outside the jury’s presence
that Officer Swanson was not an expert in accident reconstruction, and Appellant
objected to his opinion testimony on that basis.





[3]Texas Rule of Evidence 701
provides:

If the witness is not testifying as an expert, the
witness’ testimony in the form of opinions or inferences is limited to those
opinions or inferences which are (a) rationally based on the perception of the
witness and (b) helpful to a clear understanding of the witness’ testimony or
the determination of a fact in issue.

Tex. R. Evid. 701.